IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| CITY OF GUYMON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-04-457-BA |
| | ) | |
| CAL FARLEY'S BOYS RANCH and | ) | |
| CAL FARLEY'S BOYS RANCH | ) | |
| FOUNDATION, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

The Defendants have moved *in limine*, and the motion is granted with respect to the first four propositions. On the remaining issues, the Court has already set the matter for oral argument on December 21, 2005, at 10:00 a.m.

First, the Defendants request exclusion of evidence implying that taxpayers would ultimately bear the cost of just compensation. The Plaintiff does not object, and the Court grants this portion of the motion. *See State v. Collins*, 482 P.2d 583, 585 (Okla. 1971) ("the general rule appears to be that it is improper to argue to a condemnation jury that it is the taxpayers who will ultimately bear the cost of the condemnation damages awarded" (citation omitted)). None of the parties can refer to evidence implying that taxpayers would ultimately bear the cost of just compensation.

Second, the Defendants seek exclusion of evidence regarding the appraised value of the property for tax purposes. The Plaintiff does not object as long as the Defendants do not "open the door" to such evidence. The Court grants this portion of the motion. *See Craven*

*County v. Hall*, 360 S.E.2d 479, 480 (N.C. Ct. App. 1987) ("Ad valorem tax records have historically been held incompetent as evidence of value of real property." (citations omitted)).  If the Defendants present evidence involving appraised valuations for tax purposes, the Court may revisit this ruling.

Third, the Defendants move for exclusion of evidence of the value recited in the commissioners' report.  Again the Plaintiff does not object.  The valuation in the commissioners' report is inadmissible and is excluded on grounds of undue prejudice.  *See Oklahoma Turnpike Authority v. Daniel*, 398 P.2d 515, 516-17 (Okla. 1965); *see also Richardson v. State*, 818 P.2d 1257, 1258 (Okla. Ct. App. 1991) ("In both eminent domain proceedings and inverse condemnation cases, the commissioners' report is not admissible at trial." (citation omitted)).  This ruling does not prevent the commissioners from testifying as expert witnesses about the value of the property.  However, in doing so, counsel cannot elicit testimony about the witnesses' service as commissioners.  *See Hudson v. City*, 790 P.2d 933, 937 (Kan. 1990) ("A jury may not be told . . . that an expert who testifies as to value was a court-appointed appraiser.").

Fourth, the Defendants seek exclusion of evidence that they have received or "drawn down" commissioners' award monies deposited in the case.  The Plaintiff does not respond to this portion of the motion, and it is granted.  As discussed above, the Court has excluded evidence of the commissioners' valuation.  This ruling would necessarily require exclusion of evidence involving receipt of monies pursuant to that valuation.

The Court will entertain oral argument on the fifth and sixth propositions in the Defendants' motion in limine.

So ordered this 20th day of December, 2005.

Robert E. Bacharach
United States Magistrate Judge