IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

CITY OF GUYMON, A Municipal      )
Corporation,                     )
                                 )
                Plaintiff,       )
                                 )
v.                               )      Case No. CIV-04-457-BA
                                 )
CAL FARLEY'S BOYS RANCH and      )
CAL FARLEY'S BOYS RANCH          )
FOUNDATION,                      )
                                 )
                Defendants.      )

## ORDER

The Court grants the Plaintiff's application for an order authorizing the taking of the

subject property.

The Defendants acknowledge:

- The Plaintiff has deposited the property's appraised value into the clerk's registry, and

- the Court has overruled all of the exceptions to the commissioners' report and the motion to alter or amend the judgment.

The rulings establish the city's right to possession of the property.

To forestall the taking, the Defendants seek to avoid enforcement of the Court's

rulings while they consider a possible appeal.[1]  By definition, this relief would entail a stay

---

[1]      In arguing that the orders are appealable, the Defendants rely on Oklahoma law.  The Court assumes *arguendo* that the orders are appealable and declines to address whether appealability is determined by state or federal law.  *Compare Blankenship v. Bone*, 530 P.2d 578, 579 (Okla. Ct. App. 1974) (stating that a district court's adjudication "of the right to condemn is a final order from which an appeal will lie"), *with Catlin v. United States*, 324 U.S. 229, 233 (1945) (noting that the

of the Court's orders pending appeal. *See Depuy v. Hoeme*, 775 P.2d 1339, 1334 n.32 (Okla. 1989) (the term "stay" "means suspension of effectiveness by a discretionary act of a trial or appellate court" (citation omitted)). But the Defendants do not address the elements of a stay, and their objection is plainly insufficient to justify one.

Tenth Circuit Rule 8.1 prohibits consideration of an application for a stay pending appeal unless the applicant addresses five factors, including "the likelihood of success on appeal." Tenth Cir. R. 8.1(B). The Defendants do not address this factor. Indeed, they do not state whether they will appeal or identify any potential grounds.

The Plaintiff has fulfilled the statutory requirements to take immediate possession of the property. First, the Court has overruled all of the exceptions to the commissioners' report and the motion to alter or amend the judgment. Second, the Plaintiff has deposited with the clerk the funds assessed by the commissioners. The Defendants could forestall enforcement of this Court's prior orders only upon a proper showing for a stay pending appeal. *See Duncan v. Farm Credit Bank of St. Louis*, 940 F.2d 1099, 1103 (7th Cir. 1991). They have not made such a showing, and the Plaintiff is entitled to immediate possession of the property.

The commissioners have set values for the property, and both defendants demanded a jury trial on the issue of valuation. As a result, the Court will set a jury trial on the issue

---

Supreme Court has repeatedly held that "ordinarily in condemnation proceedings appellate review may be had only upon an order or judgment disposing of the whole case, and adjudicating all rights, including ownership and just compensation, as well as the right to take the property" (footnote omitted)).

of valuation at a date convenient for all counsel and parties.  To this end, the Court requests that counsel confer with one another concerning:

- a convenient date for the jury trial,[2] and

- the anticipated length of the jury trial.

Counsel shall then file a joint status report which reflects the parties' views regarding: (1) a trial date; (2) the anticipated length of the trial; (3) the possibility of settlement (e.g., good, fair, unlikely) without disclosure of the parties' settlement positions; (4) proposed deadlines for the final pretrial report and trial briefs;[3] (5) any additional motions that are anticipated; and (6) proposed deadlines for requested jury instructions and proposed questions in *voir dire*.

All other items in the status report are optional.  If the parties are unable to agree on any of the above, they shall briefly set out their respective positions.

The joint status report is due July 2, 2006.

So ordered this 12th day of June, 2006.

_Robert E. Bacharach_
Robert E. Bacharach
United States Magistrate Judge

---

[2]    The attorneys are free to contact Mr. Bill French, Courtroom Deputy, regarding dates that the Court is available.

[3]    Because of the prior briefing, the trial briefs are optional.  If filed, the trial briefs should address procedural issues anticipated in connection with the jury trial on valuation.