IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| CITY OF GUYMON, A Municipal Corporation, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. CIV-04-457-BA |
| CAL FARLEY'S BOYS RANCH and CAL FARLEY'S BOYS RANCH FOUNDATION, | ) ) ) ) | |
| Defendants. | ) ) | |

## ORDER

The Defendants have appealed and moved to stay enforcement of the order overruling their exceptions to the commissioners' report.  In the alternative, the Defendants seek to postpone the jury trial on valuation pending the appeal.  Both motions assume that the appeal is ripe.  It is not, and the Court denies the Defendants' motions.

### Stay of the Order Denying the Exceptions

Because the appeal is premature, the Court denies the motion for a stay of the order denying the Defendants' exceptions.

I.     Requirements for a Stay of the Order Denying the Exceptions to the Commissioners' Report

The Defendants' motion is governed by Tenth Cir. R. 8.1, which outlines the requirements for an application to stay proceedings.  Under that rule, the applicant must show

"the basis for the court of appeals' jurisdiction."  Tenth Cir. R. 8.1.(A).[1]  The Defendants

have not shown a basis for the appellate court's jurisdiction, requiring denial of the motion.[2]

II.     <u>Jurisdictional Requirements</u>

To justify a stay, the Defendants must establish jurisdiction in the appellate court.  *See
supra* pp. 1-2.  This requirement has not been met.

The Defendants offer two theories to establish appellate jurisdiction:

- the existence of a final decision by the district court and

- the collateral order doctrine.

Both theories are invalid.

---

[1]     A party seeking a stay must also show:

(A)     the basis for the district court's . . . subject matter jurisdiction . . .;

(B)     the likelihood of success on appeal;

(C)     the threat of irreparable harm if the stay . . . is not granted;

(D)     the absence of harm to opposing parties if the stay . . . is granted; and

(E)     any risk of harm to the public interest.

Tenth Cir. R. 8.1(A)-(E).

[2]     The Defendants argue that they have satisfied all of the elements for a stay.  But in the absence of appellate jurisdiction, the Court need not discuss the remaining elements.

A.    <u>Jurisdiction Over Final Orders Under 28 U.S.C. § 1291 (2000)</u>

According to the Defendants, the order overruling the exceptions to the commissioners' report constituted a final order.  The Defendants rely on Oklahoma law, stating that "[t]he Oklahoma Supreme Court holds that an order overruling exceptions in an eminent domain case is a final order."  Motion for Stay Pending Appeal at p. 5 (June 29, 2006).  The Defendants' reliance on state law is misplaced.

In a diversity case in federal court, federal procedural rules apply.  *See Ahrens v. Ford Motor Company*, 340 F.3d 1142,1145 (10th Cir. 2003) ("Because this is a diversity case, we rely on the substantive law of Oklahoma and apply federal procedural law."); *see also Gotthilf v. Sills*, 375 U.S. 79, 80 (1963) (*per curiam*) (stating that the finality of a judgment under 28 U.S.C. § 1257 is "a question of purely federal law").  Thus, the existence of a final order is governed by federal law, rather than state law.  *See Budinich v. Becton Dickinson & Co.*, 486 U.S. 196, 198-99 (1988);[3] *Klein v. Grynberg*, 44 F.3d 1497, 1502 n.2 (10th Cir. 1995) ("In a diversity case, the appealability of a judgment is governed by federal law.").

---

[3]        The *Budinich* Court explained:

> Although state law generally supplies the rules of decision in federal diversity cases, it does not control the resolution of issues governed by federal statute.  Under 28 U.S.C. § 1291, "all final decisions of the district courts" are appealable to the courts of appeals.  In using the phrase "final decisions" Congress obviously did not mean to borrow or incorporate state law.

*Budinich v. Becton Dickinson & Co.*, 486 U.S. 196, 198-99 (1988) (citations omitted).

3

A remaining issue exists concerning the amount of just compensation owed to the Defendants. Because the Court has not yet ruled on the amount of just compensation owed, no final order exists and appellate jurisdiction is absent under 28 U.S.C. § 1291.[4]

The Defendants' fundamental error is their mistaken belief that the finality of this Court's order is determined by state law. It is not.

The Defendants draw their belief from a misreading of *Wheeling & Belmont Bridge Co. v. Wheeling Bridge Co.*, 138 U.S. 287 (1891). There the condemnation action began in state court. *See Wheeling & Belmont Bridge Co. v. Wheeling Bridge Co.*, 138 U.S. at 302. Because the state courts regarded the order at issue as final, the Supreme Court noted that it could "hardly consider it in any other light" for purposes of appellate jurisdiction. *Id.*

As the Defendants point out, the Supreme Court "later distinguished *Wheeling* and held that orders determining the legal right to condemn were not appealable even if state condemnation law provided for an appeal from such an order." Motion for Stay Pending Appeal at p. 5 (June 29, 2006). As examples, the Defendants point to *State v. Coats-Fordney Logging Co.*, 243 U.S. 251 (1917), and *Catlin v. United States*, 324 U.S. 229 (1945).

---

[4] *See Catlin v. United States*, 324 U.S. 229, 233 (1945) (holding that in a condemnation case, appellate jurisdiction requires an order or judgment which disposed of the whole case and adjudicated all rights, including just compensation); *see also United States v. Evans*, 365 F.2d 95, 97 (10th Cir. 1966) (holding that a condemnation order was not appealable because it did not direct the clerk to enter judgment or contain sufficient findings for the clerk to compute a money judgment for the landowners); *United States v. Kansas City, Kansas*, 159 F.2d 125, 128 (10th Cir. 1947) ("No appeal is allowed from the determination of the condemnor's power to take or the necessity of taking and it is not until the result or affirmative ruling upon these issues are reflected in the final ascertainment by the appraisers of the damages that any of these preliminary rulings may be reviewed.").

According to the Defendants, these decisions are themselves distinguishable because the state courts did not regard the orders as final and the decisions on the right to take did not establish a right to possession.  These distinctions are invalid.

In *Catlin*, the condemnation action arose in federal district court and the Supreme Court never discussed whether the condemnation order would have been appealable under state law.  *See Catlin v. United States*, 324 U.S. 229, *passim* (1945).  Indeed, the Supreme Court noted that the "right to appeal rests upon Section 128 of the Judicial Code," which limited "review to 'final decisions' in the District Court."  *Id*. at 233.  Thus, the Supreme Court squarely held that adjudication of the right to take the property is not appealable even though the state court would conclude otherwise:

> A "final decision" generally is one which ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.  Hence, ordinarily in condemnation proceedings appellate review may be had only upon an order or judgment disposing of the whole case, and adjudicating all rights, including ownership and just compensation, as well as the right to take the property.  This has been the repeated holding of decisions here.  The rule applies to review by this Court of judgments of state courts, in advance of determination of just compensation, although by local statute "judgments of condemnation," i.e., of the right to condemn particular property, are reviewable before compensation is found and awarded.

*Id*. (citations omitted).  Thus, the Defendants' purported distinction of *Catlin* is simply incorrect.

Only two years after the decision in *Wheeling*, the Supreme Court limited the decision to its facts.  *Luxton v. North River Bridge Co.*, 147 U.S. 337 (1893).  There the Supreme Court considered whether an order appointing commissioners was appealable before they had

valued the property in a condemnation action.  *See id.* at 337-39.  Under state law, the appointment of commissioners was reviewable by the state supreme court through a *certiorari* petition.  *See id.* at 339.  But the Supreme Court held that the order was not appealable.  *Id.* at 341.  *Wheeling* was distinguished because there the state would not only have permitted an interlocutory appeal of the order authorizing the taking, but also would have prevented review over "the validity of the condemnation" in "a subsequent appeal." *Id.* at 341-42.

Following the decision in *Wheeling*, the Supreme Court has consistently found "want of the necessary finality of adjudicated constitutional issues in condemnation decrees before valuation has been made."  *Republic Natural Gas Co. v. State*, 334 U.S. 62, 72 (1948).[5]  The principle is equally applicable here.  Under federal common law, this Court's order overruling the exceptions is not final because of the need for a jury trial on valuation.

---

[5]       The sole example given by the Defendants is *State v. Coats-Fordney Logging Co.*, 243 U.S. 251 (1917).  There the Supreme Court held that the condemnation order was interlocutory until the amount of the award had been resolved.  *State v. Coats-Fordney Logging Co.*, 243 U.S. at 256-57. According to the Defendants, the Supreme Court distinguished *Wheeling* on grounds that "the Washington state court [had] itself considered the order to be interlocutory."  Motion for Stay Pending Appeal at p. 6 (June 29, 2006).  The distinction is illusory because in *Coats-Fordney Logging Co.*, state law permitted review over the order by *certiorari*.  *See State v. Coats-Fordney Logging Co.*, 243 U.S. at 255-56.  Thus, the Supreme Court has "consistently applied" the *Coats-Fordney Logging Co.* holding in condemnation cases to "apply its own criteria of finality" rather than "the state court's."  Bennett Boskey, *Finality of State Court Judgments Under the Federal Judicial Code*, 43 Colum. L. Rev. 1002, 1006-1007 (1943) (footnote omitted); *see also Department of Banking v. Pink*, 317 U.S. 264, 268 (1942) (*per curiam*) ("For the purpose of the finality which is prerequisite to a review in this Court, the test is not whether under local rules of practice the judgment is denominated final, but rather whether the record shows that the order of the appellate court has in fact fully adjudicated rights and that the adjudication is not subject to further review by a state court" (citations omitted)).

Accordingly, the Court rejects the Defendants' argument based on characterization of the order as final under state law.

      B.      <u>Jurisdiction Under the Collateral Order Doctrine</u>

In the alternative, the Defendants attempt to invoke appellate jurisdiction under the collateral order doctrine.  This theory is invalid.

The collateral order doctrine "sets a high bar for *any* interlocutory appeal"[6] and applies only to a small class of prejudgment rulings which resolve claims that are separable from the merits.[7]

Under the collateral order doctrine, the order must:

- conclusively determine the disputed question,

- resolve an important issue completely separate from the merits, and

- be effectively unreviewable on appeal from the final judgment.

*See Will v. Hallock*, __ U.S. __, 126 S. Ct. 952, 957 (2006).  The Defendants have not satisfied the second and third elements.

Under the second element, the order must resolve an important issue completely separate from the merits.  *See supra* p. 7.  Thus, the "collateral order doctrine" does not permit appeals over decisions which "'are but steps toward final judgment.'" *Crystal Clear Communications, Inc. v. Southwestern Bell Telephone Co.*, 415 F.3d 1171, 1178 (10th Cir.

---

[6]     *Timpanogos Tribe v. Conway*, 286 F.3d 1195, 1200 (10th Cir. 2002) (emphasis in original; citation omitted).

[7]     *See Will v. Hallock*, ___ U.S. ___, 126 S. Ct. 952, 957 (2006).

2005) (quoting *Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541, 546 (1949)).  This

element is absent here, as the determination of the Plaintiff's right to condemn the property

is simply one step toward the eventual judgment.[8]  This determination is not separate from

the merits, resulting in the absence of the second element.

Under the third element, the order must be effectively unreviewable on appeal from

the final judgment.  *See supra* p. 7.  In considering this element, the Court examines whether

"avoidance of a trial . . . would imperil a substantial public interest."  *Will v. Hallock*, ___

U.S. ___, 126 S. Ct. 952, 959 (2006).  This element is absent because:

- the Defendants have not identified a substantial public interest that would be imperiled absent an immediate appeal,[9] and

- the order overruling the exceptions would not be "effectively unreviewable" if appealed at a later time.[10]

---

[8]       "The declaration of taking; the deposit of the estimated just compensation in the registry of the court; the fixing of title; the determination of just compensation in accordance with state procedure as directed by Federal law, and the ultimate distribution of the just compensation to those determined to be legally entitled thereto is one continuous integrated process of litigation."  *Hopkins v. McClure*, 148 F.2d 67, 70 (10th Cir. 1945) (citations omitted).

[9]       The Defendants argue that while the federal courts have not applied the doctrine in an eminent domain case, language in a dissenting Oklahoma state court opinion suggests otherwise. In applying federal common law, the Court is not persuaded by the opinion of a lone dissenting state justice who was interpreting Oklahoma law.  *See Lambert v. Town*, 834 P.2d 955, 958-59 (Okla. 1992) (Opala, C.J., dissenting).

[10]       In *Lauro Lines, S.R.L. v. Chasser*, 490 U.S. 495 (1989), the Supreme Court discussed circumstances in which it had declined to apply the collateral order doctrine.  In addressing the third element, the Court cited *Catlin v. United States*, 324 U.S. 229, 236 (1945), for its holding that an immediate appeal was unavailable for the denial of a motion to dismiss in a condemnation action. The reference in *Lauro Lines* suggests that orders concerning the right to take property in a condemnation case would not be appealable under the collateral order doctrine.

Once the Court enters judgment, the Defendants can appeal the order denying the exceptions.[11]  An immediate appeal is unnecessary and the absence of the third element is fatal to the Defendants' reliance on the collateral order doctrine.

III.   Summary

The Defendants have not established a basis for appellate jurisdiction, which is necessary for the stay.  As a result, the Court denies the Defendants' request to stay enforcement of the order overruling the Defendants' exceptions to the commissioners' report.

---

[11]   The Defendants contend that subsequent review would be ineffectual, citing *Loughran v. United States*, 317 F.2d 896 (D.C. Cir. 1963).  The decision in *Loughran* is distinguishable.  There the condemnor announced that it would transfer title to an entity that was immune from judicial process of the United States.  *See Loughran v. United States*, 317 F.2d at 898.  These extraordinary circumstances led the D.C. Court of Appeals to regard the district court orders as final judgments in light of the unavailability of subsequent review.  *Id.*  Unlike the fee owners and lessees in *Loughran*, Cal Farley's Boys Ranch and the foundation will have a subsequent opportunity to appeal.

According to the Defendants, the City of Guymon plans to immediately begin construction of water and wastewater disposal facilities, creating irreparable harm in the event of reversal.  But under the collateral order doctrine, the Court takes a categorical approach to the third factor and cannot consider the city's purpose.  *See Digital Equipment Corp. v. Desktop Direct, Inc.*, 511 U.S. 863, 868 (1994); *see also Van Cauwenberghe v. Biard*, 486 U.S. 517, 529 (1988) ("In fashioning a rule of appealability under § 1291, . . ., we look to categories of cases, not to particular injustices." (citations omitted)); *see generally Carroll v. United States*, 354 U.S. 394, 405 (1957) ("Appeal rights cannot depend on the facts of a particular case.").  "[T]he issue of appealability under [28 U.S.C.] § 1291 is to be determined for the entire category to which a claim belongs, without regard to the chance that the litigation at hand might be speeded, or a 'particular injustic[e]' averted by a prompt appellate decision."  *Digital Equipment Corp. v. Desktop Direct, Inc.*, 511 U.S. at 868 (citations omitted).  The risk for the Defendants is the same as that for any other landowner whose objection to a taking is overruled, and no court has ever applied the collateral order doctrine in these circumstances.  *See, e.g., Wardlaw v. United States*, 4 F.3d 988, 1993 WL 347474 (4th Cir. Sept. 7, 1993) (unpublished op.; *per curiam*) (holding that the collateral order doctrine does not apply to a challenge to the validity of condemnation proceedings); *Deepwells Estates Inc. v. Incorporated Village of Head of the Harbor*, 162 F.3d 1147, 1998 WL 642478, Westlaw op. at 1 (2d Cir. May 7, 1998) (unpublished op.) (holding that the collateral order doctrine does not apply to an inverse condemnation claim based on the failure to satisfy the third element).

Deferral of the Trial on Valuation

In the absence of a stay, the Defendants request postponement of the trial on valuation until after the appeal is decided.[12]   The Defendants point out that they have requested the jury trial, and the Plaintiff has not.   But as discussed above, the Defendants' appeal is premature and appellate review can only take place after the trial.   *See supra* pp. 2-9.   Thus, deferral of the trial would serve only to prolong the action without any saving of resources for the parties or the Court.   In these circumstances, the Court declines to postpone the trial.

SO ORDERED this 28th day of July, 2006.

*Robert E. Bacharach*
Robert E. Bacharach
United States Magistrate Judge

---

[12]      The Defendants regard postponement of the trial as an alternative form of a "stay."   But delay of the trial would entail a continuance rather than a "stay."   *See Illinois Bell Telephone Co. v. WorldCom Technologies, Inc.*, 157 F.3d 500, 503 (7th Cir. 1998) ("the stays authorized by Civil Rule 62 and Appellate Rules 8 and 18 delay the effectiveness of some other decision"); *see also* Clyde Muchmore & Harvey Ellis, Jr., *Oklahoma Appellate Practice* § 12:02 at 346 (2000) (defining a "stay" as the "suspension of a judgment's effectiveness by a discretionary act of a trial or appellate court" (citations omitted)).   But the distinction is immaterial to the outcome.   Regardless of how the Defendants' request is characterized, the absence of appellate jurisdiction would leave the Court without any justification for continuance of the trial.